**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| QUICKEN LOANS INC., <br><br>                Plaintiff, <br><br>    vs. <br><br> KENNETH E. GILLESPIE, et al., <br><br>            Defendants. | Civ. Action No. 20-01260 (FLW) <br><br> **ORDER** |

**THIS MATTER** having been opened to the Court on the motion of J. Eric Kishbaugh, Esq., counsel for Quicken Loans Inc. ("Plaintiff"), to remand this action to the Superior Court of New Jersey [ECF No. 3.]; it appearing that, on May 5, 2019, Plaintiff filed a complaint in foreclosure (the "Complaint") against defendant Kenneth Gillespie ("Defendant") and several other defendants in the Superior Court of New Jersey, Chancery Division, Monmouth County [Compl., ECF No. 1-6]; and it further appearing that, on February 3, 2020, Defendant, proceeding *pro se*, filed a notice of removal in this Court, pursuant to 28 U.S.C. § 1441 [Not. of Removal, ECF No. 1]; and it appearing that Defendant has not filed any opposition to the present motion to remand; the Court, having reviewed Plaintiff's motion to remand and Defendant's notice of removal, makes the following findings:

1.  Pursuant to Title 28 of the U.S. Code, Section 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447.

Additionally, "[r]emoval is a statutory right and, therefore, must be construed in favor of the non-removing party.  Any doubts about the existence of federal jurisdiction must be resolved in favor of remand."  *Indep. Mach. Co. v. Int'l Tray Pads & Packaging, Inc.*, 991 F. Supp. 687, 690 (D.N.J. 1998) (citations omitted); *see also Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990) (stating that "the removal statutes are 'strictly construed against removal and all doubts should be resolved in favor of remand.'") (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

2.     While Section 1441 of Title 28 governs the substantive requirements for removal, the procedural requirements for removal are dictated by Section 1446.  Section 1446(b) provides that a defendant must file a notice of removal within thirty days after the receipt of the initial pleading. 28 U.S.C. § 1446(b)(1).  Moreover, under Section 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. 1446(a)(1).

3.     In this case, Defendant invokes both federal question jurisdiction, pursuant to 28 U.S.C. § 1331, and diversity of citizenship jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1), as the bases for removal.  Under 28 U.S.C. § 1331, the federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Whether an action "arises under" federal law is governed by the well-pleaded complaint rule.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  That rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Id*.  Under 28 U.S.C. § 1332(a)(1), the federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . .

citizens of different States."  Importantly, however, under 28 U.S.C. § 1441(b)(2), "a civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest . . . is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2)

4.      Here, remand to state court is warranted for several reasons.  *First*, the Complaint in this case relies exclusively upon state law in asserting causes of action for foreclosure.  [*See* Compl., ECF No. 1-6.].[1]  Thus, the Complaint does not give rise to federal question jurisdiction under 28 U.S.C. § 1331.  *Second*, although the parties appear to be diverse in citizenship to give rise to original jurisdiction under 28 U.S.C. § 1332(a)(1), Defendant has conceded in his notice of removal that he is a citizen of the State of New Jersey.  [*See* Not. of Removal, ECF No. 1, at ¶ 5(a).]  Thus, because Defendant "is a citizen of the State in which [this] action is brought," the case is not removable based on diversity of citizenship. *See* 28 U.S.C. § 1441(b)(2).  *Third*, the Complaint was served upon Defendant on July 12, 2019, according to Plaintiff's motion papers.  [*See* Mot. to Remand, ECF No. 3, at 5.] Therefore, in order to comply with the 30-day period prescribed under 28 U.S.C. § 1446(b)(1), Defendant was required to remove this action no later than August 11, 2019. However, Defendant did not file his notice of removal until February 3, 2020, nearly six months after the 30-day period had already elapsed.  [*See* Not. of Removal, ECF No. 1.]

---

[1]      The Court acknowledges the reference in the notice of removal to the federal Truth in Lending Act ("TILA").  While the purpose of Defendant's reference to TILA is unclear from the notice, Defendant appears to suggest that he intends to raise the statute as an affirmative defense.  However, it is well-established that, under the well-pleaded complaint rule, a defendant cannot rely solely upon an affirmative defense as a basis for invoking federal question jurisdiction.  *See Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908); *Taylor v. Anderson*, 234 U.S. 74 (1914); *Bayview Loan Servicing LLC v. Farzan*, 2017 WL 5047900, at *2 (D.N.J. Nov. 3, 2017) (Wolfson, J.) ("To the extent that Defendant relies on federal causes of action asserted in his counterclaims as the basis for federal question jurisdiction, those arguments are misplaced"), *aff'd in relevant part*, 720 F. App'x 678 (3d Cir. 2018).

*Fourth*, Defendant has not made any showing that all defendants who have been properly joined and served have also joined in the notice of removal, as is required under 28 U.S.C. 1446(a)(1).

Accordingly, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 5th day of May, 2020,

**ORDERED** that Plaintiff's motion to remand [ECF No. 3] is **GRANTED**; and

**FURTHER ORDERED** that the above-captioned action is remanded to the Superior Court of New Jersey, Chancery Division, Monmouth County.

**IT IS SO ORDERED.**

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge